**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000308
06-FEB-2024
07:54 AM
Dkt. 53 SO**

NOS. CAAP-23-0000308 and CAAP-23-0000309

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-23-0000308**

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
LESLIE DABIS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-17-0001033)

and

**CAAP-23-0000309**

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
LESLIE DABIS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0001469)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Leslie **Dabis** appeals from the April 5, 2023 Judgment of Conviction and Sentence in 1CPC-17-0001033 (the **2017 Case**) and the April 5, 2023 Judgment of Conviction and Sentence in 1CPC-21-0001469 (the **2021 Case**), both entered by the Circuit

Court of the First Circuit.[1]  He challenges his consecutive sentences.  We affirm.

In the 2017 Case, Dabis pleaded no contest to Unauthorized Control of Propelled Vehicle.  In the 2021 Case, a jury found Dabis guilty of Terroristic Threatening in the First Degree.  Dabis was sentenced to five years in prison in each case, to run consecutively.  He argues the sentences should be vacated because the circuit court "did not adequately address" the Hawaii Revised Statutes (**HRS**) § 706-606 sentencing factors, and did not explain on the record its reasons for imposing consecutive sentences.

A sentencing court has discretion to impose consecutive prison sentences.  HRS § 706-668.5(1) (2014); State v. Kong, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013).  When deciding whether to impose consecutive sentences, a court must consider the factors in HRS § 706-606 (2014).  HRS § 706-668.5(2); Kong at 101, 315 P.3d at 727.  It must also state on the record its reasons for imposing a consecutive sentence, to identify the facts or circumstances it considered and to confirm for the defendant, the victim, the public, and the appellate court that the decision was deliberate, rational, and fair.  Id. at 102, 315 P.3d at 728.

During the sentencing hearing, the deputy prosecuting attorney recited Dabis's 16 prior felony convictions since 1995.  Dabis's mother addressed the court.  The court then said to her:

> THE COURT: And I know -- I mean, I know you love him, but all the times that he's convicted not only from the Big Island --
>
> MS. DABIS: I know.
>
> THE COURT: -- but over here.
>
> MS. DABIS: I know.
>
> THE COURT: It doesn't -- nothing seems to -- he's been given the chance to be on probation, parole, and so forth.

---

[1]     The Honorable Faʻauuga L. Toʻotoʻo presided in both cases.

> I mean, Leslie doesn't seem to have -- to care about the law.  Leslie seems to do --
>
> MS. DABIS: I know.
>
> THE COURT: -- what Leslie wants to do all these years.  And yet you show up every time for him in court?  I know you love him, no question, I'm not questioning that.  But my concern at this point is that, you know, ***I cannot see him running around again in the community and doing -- allowing him to think that he can do whatever he wants to and get away with it***.
>
> MS. DABIS: I understand.
>
> . . . .
>
> THE COURT: Now ***I'm thinking about the whole community***.  I am not thinking about just Leslie and you this morning.

(Emphasis added.)

The court took judicial notice of the presentence reports, which documented Dabis's past convictions.  The court then recited the past convictions, and that Dabis had committed one crime while on parole.  The court concluded:

> [T]hese are all the cases the defendant has been in court for in the past.
>
> So -- and to make sure and to protect the public here, the Court is ordering the defendant serve a consecutive -- consecutive sentence of five years jail each in both cases to run con -- to run consecutive.  Five years jail in [the 2017 Case] and five years in [the 2021 Case].

Thus did the circuit court articulate a "meaningful rationale" for each of the consecutive sentences in light of the factors in HRS § 706-606(1) ("the history and characteristics of the defendant") and (2)(c) ("[t]o protect the public from further crimes of the defendant").  Kong, 131 Hawai'i at 104, 315 P.3d at 730.  The 2017 Case and the 2021 Case involved "different events and multiple victims."  State v. Bautista, 153 Hawai'i 284, 291, 535 P.3d 1029, 1036 (2023) (first citing State v. Barrios, 139 Hawai'i 321, 325, 389 P.3d 916, 920 (2016); then citing State v. Perry, 153 Hawai'i 185, 187, 528 P.3d 524, 526 (2023); then citing State v. Hussein, 122 Hawai'i 495, 498-99, 229 P.3d 313, 316-17 (2010); and then citing State v. Sandoval,

3

149 Hawaiʻi 221, 226, 487 P.3d 308, 313 (2021)).  The circuit court did not abuse its discretion by imposing consecutive sentences in these cases.

The "Judgment of Conviction and Sentence" in the 2017 Case and the "Judgment of Conviction and Sentence" in the 2021 Case are affirmed.

DATED:  Honolulu, Hawaiʻi, February 6, 2024.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Benjamin Rose,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge